## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JACOB WHEELER, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT FOR VIOLATIONS** |
| | ) | **OF THE FEDERAL SECURITIES** |
| | ) | **LAWS** |
| ZOGENIX, INC., JAMES B. BREITMEYER, | ) | |
| STEPHEN J. FARR, MARY E. STUTTS, | ) | JURY TRIAL DEMANDED |
| ERLE T. MAST, RENEE P. TANNENBAUM, | ) | |
| DENELLE J. WAYNICK, LOUIS C. BOCK, | ) | |
| CAM L. GARNER, CAROLINE M. LOEWY, | ) | |
| and MARK WIGGINS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Jacob Wheeler ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1.      Plaintiff brings this action against Zogenix, Inc. ("Zogenix" or the "Company") and its corporate directors for violating Sections 14(d), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a).  By the action, Plaintiff seeks to enjoin the vote on a proposed transaction pursuant to which UCB S.A. ("UCB") will acquire the Company via a tender offer (the "Offer") through UCB's subsidiary Zinc Merger Sub, Inc ("Purchaser")(the "Proposed Transaction").[1]

2.      On January 19, 2022, Zogenix and UCB jointly announced, *inter alia,* their entry into an Agreement and Plan of Merger (the "Merger Agreement").  The Merger Agreement provides that

---

[1] Non-party UCB is a global biopharmaceutical company focused on the discovery and development of innovative medicines and solutions to transform the lives of people living with severe diseases of the immune system or of the central nervous system.  With more than 8,000 people in approximately 40 countries, the company generated revenue of €5.3 billion in 2020.

Company stockholders will receive (a) 26.00 in cash; and (b) one non-transferable contingent value right (each, a "CVR"), which represents the right to receive a contingent payment of $2.00, if a specified milestone is achieved on or prior to December 31, 2023, for each share of Zogenix common stock they own (the "Offer Price"). Pursuant to the Merger Agreement, Purchaser commenced the Offer on February 1, 2022. The Offer is scheduled to expire one minute after 11:59 p.m., eastern time, on March 1, 2022.

3.      On February 1, 2022, Zogenix filed a Solicitation/Recommendation Statement on Schedule 14D-9 (the "Recommendation Statement") with the SEC. The Recommendation Statement, which recommends that Zogenix stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Recommendation Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.      It is imperative that the material information omitted from the Recommendation Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant to

Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.      The Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations in this District, or is an individual who has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9.      Plaintiff is, and has been at all times relevant hereto, a stockholder of Zogenix.

10.     Defendant Zogenix is a Delaware corporation with its principal executive offices located at 5959 Horton Street, Suite 500, Emeryville, California 94608.  Zogenix's common stock is traded on the Nasdaq Global Market under the ticker symbol "ZGNX."

11.     Defendant James B. Breitmeyer ("Breitmeyer") is and has been a director of the Company since March 2014.

12.     Defendant Stephen J. Farr ("Farr") is co-founder of the Company and is and has been Chief Executive Officer ("CEO") since April 2015, and President and a director since the Company's inception in May 2006.  Defendant Farr also previously served as the Company's Chief Operating Officer ("COO") from May 2006 to March 2013.

13.     Defendant Mary E. Stutts ("Stutts") is and has been a director of the Company since September 2020.

14.     Defendant Erle T. Mast ("Mast") is and has been a director of the Company since May 2008.

15.    Defendant Renee P. Tannenbaum ("Tannenbaum") is and has been a director of the Company since February 2015.

16.    Defendant Denelle J. Waynick ("Waynick") is and has been a director of the Company since September 2020.

17.    Defendant Louis C. Bock ("Bock") is and has been a director of the Company since August 2006.

18.    Defendant Cam L. Garner ("Garner") is co-founder of the Company and is and has been Chairman of the Board and a director since August 2006.

19.    Defendant Caroline M. Loewy ("Loewy") is and has been a director of the Company since September 2020.

20.    Defendant Mark Wiggins ("Wiggins") is and has been a director of the Company since May 2011.

21.    Defendants identified in paragraphs 10-20 are referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### The Proposed Transaction

22.    On January 19, 2022, Zogenix and UCB jointly announced in relevant part:

BRUSSELS and EMERYVILLE, Calif., Jan. 19, 2022– UCB (Euronext: UCB) and Zogenix (NASDAQ: ZGNX) announced today that the companies have entered into a definitive agreement under which UCB would acquire Zogenix, Inc., a global biopharmaceutical company commercializing and developing therapies for rare diseases. Under the terms of the agreement, UCB will commence a tender offer to purchase all outstanding shares of Zogenix for a purchase price per share of US$ 26.00 in cash at closing, plus a contingent value right (CVR) for a potential cash payment of US$ 2.00 upon EU approval by December 31, 2023, of FINTEPLA® as an orphan medicine for treatment of Lennox-Gastaut syndrome (LGS). The upfront consideration represents a 72% premium to Zogenix shares based on the 30-day volume weighted average closing stock price of Zogenix prior to signing. The total transaction is valued at up to approximately US$ 1.9 billion / € 1.7 billion.

4

The board of directors of both companies have unanimously approved the transaction, the closing of which remains subject to the tender of shares representing at least a majority of the total number of Zogenix's outstanding shares, receipt of required antitrust clearances, and other customary conditions.

The transaction will broaden and build upon UCB's role as a leader in, and our continued commitment to, addressing unmet needs of people living with specific or rare forms of epilepsy, in particular, adding FINTEPLA® to UCB's existing product line. FINTEPLA® has been approved by the U.S. Food and Drug Administration (FDA)1 and the European Medicines Agency (EMA) and is under regulatory review in Japan, for the treatment of seizures associated with Dravet syndrome in patients two years of age and older. Zogenix is also pursuing indications for the use of FINTEPLA® in the treatment of seizures associated with additional rare epilepsies, Lennox-Gastaut syndrome (LGS) and CDKL5 Deficiency Disorder (CDD). Zogenix has submitted a Type II Variation Application to the EMA, and the U.S. FDA recently accepted for filing Zogenix's supplemental New Drug Application (sNDA), granting Priority Review, for LGS. Beginning in childhood, Dravet syndrome and Lennox-Gastaut syndrome are two of the most devastating and life-long forms of epilepsy.

"The proposed acquisition of Zogenix reinforces UCB's sustainable patient value strategy and continued commitment to addressing unmet needs of people living with epilepsy with an increasing focus on those living with specific or rare forms of epilepsy, where few options exist. Complementing UCB's existing therapeutic offerings, the Zogenix acquisition provides UCB with an approved medicine for a life-threatening, rare infant- and childhood-onset epilepsy marked by frequent and severe treatment-resistant seizures, that are particularly challenging to treat," said Charl van Zyl, Executive Vice President, Neurology & Head of Europe/International Markets, UCB. "Utilizing our deep expertise, experience and global capabilities, we plan to accelerate access for patients to the treatment. We look forward to welcoming the Zogenix team to UCB, benefiting from their insights and working together to maximize the reach and impact of their medicines for the benefit of as many people as possible."

"We are delighted to announce UCB's proposed acquisition of Zogenix, recognizing the value of our lead medicine, both for the important role it has already begun to play for Dravet patients and their caregivers, and for its potential to help many others in the future," said Stephen J. Farr, PhD, President and Chief Executive Officer of Zogenix. "We are excited for the potential opportunities ahead of us, working together to accelerate our mission and progress to improve the care of patients in need of new therapies. We believe this transaction is in the best interests of both patients and our shareholders."

**Strategic Benefits**

- **Builds on UCB's continued epilepsy ambitions**: Acquisition provides medicine that complements UCB's existing symptomatic treatments, bringing significant and differentiated value to patients suffering from Dravet syndrome and, if

approved, from seizures associated with Lennox-Gastaut syndrome and potentially other rare epilepsies.

- **Expands benefits for patients globally**: UCB brings an established global footprint, together with deep research and development, commercial, medical, and regulatory expertise in epilepsy, which will be utilized to rapidly advance and optimize the availability of these new treatments and reach additional patients.

- **Enhances future epilepsy pipeline and strategic priorities in rare/orphan diseases**: Zogenix's pipeline will add to UCB's short-term and long-term epilepsy pipeline, as well as provide critical learnings in rare/orphan disease health ecosystems.

- **Enhances UCB's top-line growth**: FINTEPLA® was launched in the U.S. and Europe in 2020 and has significant potential for usage in other seizure types. It is expected that the proposed acquisition, if completed, will contribute to UCB's revenue growth upon closing and will be accretive to UCB's earnings in 2023.

**Transaction Terms, Approvals and Time to Closing**

Under the terms of the acquisition agreement, UCB, through a wholly-owned subsidiary, Zinc Merger Sub, Inc., will initiate a tender offer to acquire all outstanding shares of Zogenix for a purchase price of US$ 26.00 per share in cash, plus one non-tradeable CVR. The CVR will entitle holders to an additional cash payment of US$ 2.00 per share if a regulatory milestone related to approval of FINTEPLA® for treatment of seizures associated with Lennox-Gastaut syndrome (LGS) is achieved by or before December 31, 2023. The closing of the tender offer will be subject to certain conditions, including the tender of shares representing at least a majority of the total number of Zogenix's outstanding shares, receipt of required antitrust clearances, and other customary conditions. Upon the successful completion of the tender offer, UCB's acquisition subsidiary will be merged into Zogenix, and any remaining shares of common stock of Zogenix will be cancelled and converted into the right to receive the same consideration per share offered in the tender offer. The transaction is expected to close by the end of the second quarter of 2022. There can be no assurance any payments will be made with respect to the CVR.

**Financing and Guidance**

The acquisition of Zogenix will be financed by a combination of available cash resources and a new term loan. The transaction is not subject to any financing condition. In addition to contributing to UCB's revenue growth after closing, the acquisition of Zogenix is expected to be accretive to UCB's earnings from 2023 onwards.

**Advisors**

Lazard and Barclays are acting as financial advisors to UCB in relation to the transaction. Covington & Burling LLP is acting as legal advisor to UCB on this transaction.

BofA Securities and SVB Leerink are acting as financial advisors to Zogenix on this transaction. Latham & Watkins LLP is acting as legal advisor to Zogenix on this transaction.

## The Recommendation Statement Contains Material Misstatements or Omissions

23.     Defendants filed a materially incomplete and misleading Recommendation Statement with the SEC and disseminated it to Zogenix's stockholders.  The Recommendation Statement misrepresents or omits material information necessary for the Company's stockholders to make an informed voting or appraisal decision on the Proposed Transaction.

24.     Specifically, as set forth below, the Recommendation Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (a) the financial projections for the Company and the valuation analyses underlying the fairness opinions provided by the Company's financial advisors BofA Securities, Inc. ("BofA") and SVB Leerink, LLC ("SVB Leerink"); and (b) BofA's and Company insiders' potential conflicts of interest.[2]

*Material Omissions Concerning the Company's Financial Forecasts and the Financial Analyses Relied on by the Board*

25.     The Recommendation Statement omits material information regarding the financial forecasts for the Company including all line items underlying the Company's: (a) Transaction-Related Expenses and Income; (b) Adjusted EBIT; and (c) Unlevered Free Cash Flow.

26.     Additionally, while the Recommendation Statement notes that the projections are risk-adjusted, it fails to disclose the assumptions underlying the risk-adjusted projections, including with

---

[2] BofA and SVB Leerink collectively will be referred to herein as the "Financial Advisors."

respect to the "probability of regulatory approvals of Fintepla® in additional indications and MT-1621, launch timing, pricing, sales ramp, market growth, share of supply, competition, market exclusivity, research and development expenses, general and administrative expenses, and other relevant factors related to the development and commercialization of the Company's product candidates." Recommendation Statement at 28.[3]

27.     The Recommendation Statement further fails to disclose "the 2022 portion of the Financial Projections" that were presented in preliminary form to UCB. *See id.* at 28.

28.     The Recommendation Statement omits material information regarding the data and inputs underlying the valuation analyses performed by the Financial Advisors.

29.     The Recommendation Statement describes the Financial Advisors' fairness opinions and the various underlying valuation analyses. Those descriptions, however, omits key inputs and assumptions forming the bases of these analyses. The absence of this material information precludes the Company's public stockholders from fully understanding the Financial Advisors' work. As a result, Zogenix stockholders cannot assess what significance to place on the Financial Advisors' fairness opinions in determining whether to approve the Proposed Transaction or otherwise act.

30.     With respect to BofA's *Discounted Cash Flow Analysis*, the Recommendation Statement fails to disclose: (a) the terminal year cash flows used by BofA in the analysis; (b) the estimated benefits from the Company's NOLs as of December 31, 2021 and from the Company's future losses over the period from calendar year 2021 through calendar year 2023, as provided by the Company's management; (c) the individual inputs and assumptions underlying the discount rates ranging from 9.00% to 12.0%; (d) net cash; (e) the estimate of net cash proceeds to be received by

---

[3] The Recommendation Statement further fails to disclose the non-risk-adjusted projections so Zogenix stockholders can evaluate the financial impact the Company's risk-adjustments had on the projections.

the Company in connection with a future equity financing assumed to occur in the first quarter of 2022; (f) the value of the Convertible Notes utilized in the analysis; and (g) the Company's fully diluted outstanding shares.

31.     With respect to BofA's *Selected Precedent Transactions Analysis*, the Recommendation Statement fails to disclose: (a) the Company's net cash; (b) the value of the Convertible Notes utilized in the analysis; (c) the individual inputs and assumptions underlying the discount rate of 10.50%; and (d) the Company's fully diluted outstanding shares.

32.     With respect to BofA's *Present Value of Wall Street Analyst Price Targets* analysis, the Recommendation Statement fails to disclose: (a) the individual price targets observed; and (b) the sources thereof.

33.     With respect to BofA's *Premia Calculations* analysis, the Recommendation Statement fails to disclose: (a) the transactions observed; and (b) the individual premiums observed for each of the transactions.

34.     With respect to SVB Leerink's *SVB Leerink Analysis of Consideration*, the Recommendation Statement fails to disclose the individual inputs and assumptions underlying the discount rate range of 8.00% to 9.75%.

35.     With respect to SVB Leerink's *Discounted Cash Flow Analysis of SVB Leerink*, the Recommendation Statement fails to disclose: (a) the metric the perpetuity growth rate range of negative 20% to negative 30% was applied to in the terminal value calculation, and quantification thereof; (b) the individual inputs and assumptions underlying the discount rate range of 10.00% to 13.00%; and (c) the Company's fully diluted outstanding shares.

36.     With respect to SVB Leerink's analysis of Wall Street analysts' price targets, the Recommendation Statement fails to disclose: (a) the individual price targets observed; and (b) the sources thereof.

37.    The omission of this material information renders certain portions of the Recommendation Statement materially misleading, including, inter alia, the following section of the Recommendation Statement: "Opinions of the Company's Financial Advisors."

***Material Omissions Concerning Potential Conflicts***

38.    The Recommendation Statement also fails to disclose material information concerning potential conflicts and the background of the Proposed Transaction.

39.    While the Recommendation Statement states that "[t]he Company, at its discretion, may also pay to BofA Securities a discretionary fee of $2.0 million in connection with the Offer and the Merger," it fails to disclose the agreed parameters for such additional discretionary fee, the criteria BofA needs to satisfy to receive the additional fee, and whether the Company anticipates paying BofA the additional fee.  *See id.* at 38.

40.    The Recommendation Statement also fails to disclose whether any of Zogenix's executive officers or directors is continuing their employment following consummation of the Proposed Transaction, as well as the details of all employment and retention-related discussions and negotiations that occurred between UCB and Zogenix's executive officers, including who participated in all such communications, when they occurred and their content.  The Recommendation Statement further fails to disclose whether any of UCB's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

41.    The omission of this material information renders certain portions of the Recommendation Statement materially misleading, including, inter alia, the following sections of the Recommendation Statement: "Opinions of the Company's Financial Advisors," "Background and Reasons for the Company Board's Recommendation" and "Arrangements with Current Executive Officers and Directors of the Company."

42.     The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Recommendation Statement.  Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other Zogenix stockholders will be unable to make an informed voting or appraisal decision on the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations
of Section 14(d) of the Exchange Act and SEC Rule 14d-9**

43.     Plaintiff repeats all previous allegations as if set forth in full.

44.     Defendants have caused the Recommendation Statement to be issued with the intention of soliciting Zogenix stockholders to tender their shares in the Offer.

45.     Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

46.     The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Recommendation Statement false and/or misleading.

47.     Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Recommendation Statement, causing certain statements therein to be materially incomplete and therefore misleading.  Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Recommendation Statement, rendering certain portions of the Recommendation Statement materially incomplete and therefore misleading.

48.     The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff and the other stockholders of Zogenix, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Offer.  Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

### Claims Against All Defendants for Violations
### of Section 14(e) of the Exchange Act

49.     Plaintiff repeats all previous allegations as if set forth in full.

50.     Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading, or engaged in deceptive or manipulative acts or practices, in connection with the Offer commenced in conjunction with the Proposed Transaction.

51.     Defendants knew that Plaintiff would rely upon their statements in the Recommendation Statement in determining whether to tender his shares pursuant to the Offer commenced in conjunction with the Proposed Transaction.

52.     As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares.

## COUNT III

### Claims Against the Individual Defendants for
### Violation of Section 20(a) of the Exchange Act

53.     Plaintiff repeats all previous allegations as if set forth in full.

54.     The Individual Defendants acted as controlling persons of Zogenix within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers or directors of Zogenix and participation in or awareness of the Company's operations or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

55.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

56.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Recommendation Statement -9 at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of this document.

57.     In addition, as the Recommendation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Recommendation Statement purports to describe the various issues and

information that they reviewed and considered — descriptions which had input from the Individual Defendants.

58.    By virtue of the foregoing, the Individual Defendants have violated section 20(a) of the Exchange Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Zogenix, and against defendants, as follows:

A.    Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Zogenix stockholders;

B.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.    Declaring that defendants violated Sections 14(d), 14(e) and/or 20(a) of the Exchange Act;

D.    Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.    Granting such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  February 9, 2022                                    **LONG LAW, LLC**

                                                   By    */s/ Brian D. Long*
                                                        _____
                                                        Brian D. Long (#4347)
                                                        3828 Kennett Pike, Suite 208
                                                        Wilmington, DE 19807
                                                        Telephone: (302) 729-9100
                                                        Email: BDLong@longlawde.com

                                                        *Attorneys for Plaintiff*